# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50389
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roman Lee Luna,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-14-1

_____

Before Elrod, *Chief Judge,* and Haynes, and Duncan, *Circuit Judges.*

Per Curiam:[*]

Roman Lee Luna, federal prisoner # 30636-380, proceeding pro se, appeals the district court's denial of his second motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Luna is serving a 105-month term of imprisonment, which was imposed on his conviction of possession of a firearm by a convicted felon.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50389

Although Luna concedes that he committed a serious felony offense, he argues that a reduction in his sentence is warranted based on the 18 U.S.C. § 3553(a) sentencing factors on account of his status as a youthful offender, his rehabilitation while in prison, and his renunciation of gang activity. However, Luna's contentions do not establish that the district court based its decision on an error of law or a clearly erroneous assessment of the evidence when it determined that the § 3553(a) factors weighed against a compassionate release sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Luna's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to establish an abuse of discretion and "is not a sufficient ground for reversal." *Id.* at 694.

Because Luna has not shown that the district court abused its discretion in denying relief based on the § 3553(a) factors, we need not consider his contentions regarding the existence of extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94. The decision of the district court is AFFIRMED.